Josef Pulawski
vs.                    No. 64243
Josef Slefkin

January 5, 1927

BLODGETT, J. Heard upon motion of defendant for a new trial after verdict of a jury for plaintiff for $945.

Action to recover $985.90 on a building contract.

Defendant filed a bill in set off.

No cases arise for determination by the Court which are more puzzling than building contracts and the present case is no exception.

From the testimony the Court is satisfied that the defendant employed the plaintiff to make the repairs upon a building because he expected to have the work done cheaply, as the plaintiff was not a contractor in a large way, and no definite amount was agreed upon for the completed

work. The work was repair work and the making of certain additions. What would be fair compensation is determined in the first instance by twelve men, not generally experts, and in the second instance by the Court, which is certainly not an expert. The questions arising are questions of fact.

In the present case two witnesses, woh qualified as experts, claim that a fair price for what plaintiff did would be an amount much less than that assessed by the jury. Apparently the jury did not agree with these experts. The jury passed upon questions of fact. Was the jury materially wrong?

A repair job, and the making of additions to an old structure, involve at times unexpected difficulties. As the Court recollects the testimony, there arose in the present case the necessity of removing a large rock to permit certain changes to be made in the building. The plaintiff was not an expert in performing such work, as appears from the testimony, and there is no doubt in the mind of the Court that much unnecessary labor was spent upon the removal of this rock. The defendant, however, elected to have this work done by the plaintiff. One witness for the defendant figured this work should have been done for $601, and deducting the amount paid, $240, would leave $361 due, as against the verdict of $945. The difficulty that arises is that such figures are reached from a theoretical point of view, as to the labor that actually should have gone into the job, not the labor that did go into it. Here, again, the Court is faced with the fact that the defendant elected to have this work done by te plaintiff, and had it in his power at any time to order plaintiff to discontinue the work and take the chance of an action for breach of contract.

The jury must have found as a fact that plaintiff put so many hours

of work into the job, and that the price charged was fair. These are questions of fact to be determined by a jury, and the Court can not say that the record shows the jury to be wrong in its estimate. The Court might be of the opinion, from the testimony, that a competent contractor might have done this work for a much less sum, but must take into consideration the fact that the defendant elected to have the work done by the plaintiff that he was present while the work was in progress, and that he at no time ordered plaintiff to discontinue.

Motion for new trial denied.

For plaintiff: Hogan & Hogan.

For defendant: R. J. McMahon.